IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS RADFORD, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 14-0527-KD-C |
| C. MARSHALL, et al., | : |
| Defendant(s). | : |

# REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate, brings this action pursuant to 42 U.S.C. § 1983 claiming constitutional violations with regard to the living conditions existing in the Alabama prison facility to which he is assigned. (Docs. 1 & 10) He has also moved for the entry of a preliminary injunction pursuant to Rule 65(a) Federal Rules of Civil Procedure. (Docs. 10 & 12)  These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2(c)(4) as is the practice in this Court. After careful consideration of the motions for a preliminary injunction and supporting documents, it is recommended that the motions be DENIED WIHTOUT PREJUDICE for the reasons set forth below.

## I. BACKGROUND

Plaintiff's first motion for a preliminary injunction is imbedded in a second complaint filed on December 9, 2014. (Doc. 10)  It appears from reading this document that plaintiff is concerned with the lack of proper and adequate indoor heating and hot water in advance of the winter season.  His specific

request is that the defendants be immediately ordered to provide plaintiff and similarly situated inmates[1] with indoor heart and hot water.  It appears that the heating problems occurred in November 2014 and the promises of repair to the system had not been kept as of the filing of the amended complaint. (*Id*. at 3)

The second motion has included additional defendants and does not seem to be related to the first motion.  It appears that upon plaintiff's transfer to Fountain/J.O. Davis Correctional Facility in July 2014, he began to have problems that resulted in his receiving "many disciplinaries." (Doc. 12 at 1)  His complaints have been and continue to be that the responsible officials are violating "health and fire codes." (*Id*.)  Specifically, he identifies four alleged violations: (1) that he is confined in a nine-by-twelve foot living space with thirty-five other inmates without ventilation, fire alarms, lights and fire sprinklers, (2) he is required to attend drug classes in a twelve-by-nine foot classroom with thirty-five other inmates without fire alarms, ventilation, water sprinklers or an appropriate exit plan, (3) his family and friends are forced to meet with him in a twelve-by-nine foot visiting yard serving four hundred inmates, and (4) the fire evacuation plan for the facility is inadequate.

## II.  STANDARD OF REVIEW

"The grant or denial of a preliminary injunction is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir.2002). In order to succeed on his motion for the entry of a preliminary injunction, Mr. Radford must establish four prerequisites: (1) a substantial likelihood of success on the

---

[1] This case is not proceeding as a class action.

merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest. *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir.2001) (internal citation and quotation marks omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (internal citation and quotation marks omitted).  Therefore, motions for preliminary injunctions should "not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites. The burden of persuasion in all of the four requirements is at all times upon the plaintiff." *Ne. Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990) (internal citation and quotation marks omitted).[2]

### III.  Analysis

A.  Procedural Problems.

Rule 65 of the Federal Rules of Civil Procedure provides that "the court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a). As a preliminary matter, Plaintiff's motions for preliminary injunctions do not comply with Rule 65(a)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his Amended Complaint,

---

[2] Plaintiff has not specifically identified these prerequisites in his motion or provided any analysis of how the evidence he has presented would establish each necessary element of his motion.

or his Motion for a Preliminary Injunction have been served on any named defendant. In the motion filed on December 9, 2014 (Doc. 10), plaintiff states that he served a copy of his motion on "General Counsel." (*Id*. at 5) None of the parties have been served, however, and the record does not show the appearance of counsel for any defendant. As to the second motion for a preliminary injunction, plaintiff simply states that he mailed a copy of his motion to a number of state officials at their business addresses. (Doc. 12 at 6) Thus, proper notice has not been provided the state official(s) that would have the authority to comply with any injunctive order issued by this Court.

B. Burden of Persuasion

Even with the less stringent pleading requirements applicable to *pro se* prisoner pleadings, it cannot be said that the plaintiff has met his burden of proving that a preliminary injunction should issue. With regard to heating and hot water, the inference is that the facility has a problem to be repaired and the officials have promised to make the repairs. Even though it certainly would be a health hazzard to go without heat and hot water during the winter months, plaintiff's factual statements do not support an inference that he will be successful in establishing a deliberate disregard of his need for humane and safe living conditions. At best, he has shown that the officials have recognized the problem but have not kept their promises of repair. It is unknown, however, if their inaction is based on conditions over which they have control. These allegations do not provide evidence supporting the entry of an order granting extraordinary and drastic relief.

The same is true for the demand that living spaces, classrooms, visitation yards and the fire exit plan of the prison should be modified so as to comply

with unspecified health and fire codes.  Although it may ultimately be found that the alleged violation of state codes would also establish a violation of plaintiff's Eighth Amendment rights, the current pleadings are too confusing, vague and lacking in substance to either grant the motions as plead or to set a hearing on the motions.  Instead, the better idea would be to wait until the defendants have filed a Special Report (See Order, Doc. 9) before deciding whether a hearing is necessary on the plaintiff's requests for injunctive relief.

Accordingly, it is RECOMMENDED that the plaintiff's motions for preliminary injunctions be DENIED WITHOUT PREJUDICE.  If a hearing is necessary on the requested injunctive relief, the plaintiff may present these arguments during that hearing.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 7th day of January 2015.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**
